IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**RICHARD PARTAIN, # L0006**                                                          **PETITIONER**

vs.                                                **CIVIL ACTION NO.:  2:12cv42-MPM-SAA**

**RON KING, et al.**                                                               **RESPONDENTS**

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the pro se petition of Richard Partain, Mississippi prisoner # L0006, for a writ of habeas corpus under 28 U.S.C. § 2254.  Respondents have moved to dismiss the petition, Petitioner has responded, and the matter is now ripe for resolution.  For the reasons set forth below, the instant petition for a writ of habeas corpus will be dismissed as untimely filed under 28 U.S.C. § 2244(d).

### Facts and Procedural Background

Petitioner filed a "Petition to Enter Plea of Guilty" to a charge of manslaughter in the Circuit Court of DeSoto County, Mississippi, on August 12, 2008.  (*See* Resp. Mot. to Dismiss, Ex. A).  His plea was accepted the same day, and he was sentenced to serve a term of imprisonment of fifteen (15) years in the custody of the Mississippi Department of Corrections, with five (5) years of post-release supervision.  (*See* id., Ex. B).

On August 13, 2009, Petitioner signed a "Motion for Post-Conviction Collateral Relief" that was filed in the trial court.  (*See* Resp. Mot. to Dismiss, Ex. C).  On April 19, 2010, the DeSoto County Circuit Court denied Petitioner's post-conviction motion and dismissed the case with prejudice.  (*See id.*, Ex. D).  The Mississippi Court of Appeals affirmed.  (*See id.*, Ex. E, *Partain v. State*, 78 So.3d 350 (Miss. App. 2011), *reh'g denied*, November 8, 2011, *cert. denied*,

January 26, 2012 (Cause No. 2010-CP-00896-COA)). The mandate issued on February 16, 2012. (*See* Resp. Mot. to Dismiss, Ex. F). Petitioner filed the instant petition sometime between February 26, 2012, when the petition was signed, and March 5, 2012, the date that it was received by the Court. On July 26, 2012, Respondents moved to have the petition dismissed as untimely filed.

## Law and Analysis

The issue of whether Respondents' motion should be granted turns on 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

2

Therefore, unless the limitations period is tolled, Petitioner must have filed his federal habeas petition within one year of the date his conviction became final. By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Therefore, Petitioner's conviction and sentence became final on the day he was sentenced, August 12, 2008. Absent any applicable tolling, Petitioner's federal habeas petition was due on or before August 12, 2009.

Respondents maintain that Petitioner is entitled to statutory tolling for a total of 917 days while his post-conviction proceedings were pending in State court (August 13, 2009 through February 16, 2012).[1] Therefore, allotting Petitioner 917 days of statutory tolling during the pendency of his post-conviction proceedings, his federal habeas petition was due on or before February 15, 2012 (August 12, 2009 plus 917 days).

Under the "mailbox rule," a petitioner's pro se petition for a writ of habeas corpus is deemed filed on the date it is delivered to prison officials for mailing. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). In this case, the petition was "filed" sometime between the date it was signed on February 26, 2012, and when it was received in this Court on March 5, 2012. Giving Petitioner the benefit of the earlier date, the petition was still filed beyond the February 15, 2012, deadline. Therefore, the instant petition is untimely.

The limitations period of the AEDPA may be equitably tolled if Petitioner can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[1] Respondents note that Petitioner's post-conviction application was filed in State court one day beyond the federal limitations period. Petitioner claims that the Marshall County Correctional Facility was closed on August 12, 2009. (*See* Pet., doc. entry no. 1, 14). Because they argue that the instant petition is otherwise untimely, Respondents' calculation of the federal deadline gives Petitioner the benefit of statutory tolling while his post-conviction application was pending. (*See* Resp. Mot. to Dismiss, 3).

3

circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citations omitted). It is relief that is available only in "rare and exceptional circumstances," such as where a petitioner "is actively misled . . . about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Petitioner alleges that his petition should not be time barred because he is actually innocent and illegally sentenced. However, the Fifth Circuit has held that claims of actual innocence do not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (citations omitted). The Court finds Petitioner does not otherwise show "rare and exceptional circumstances" that would warrant equitable tolling in this case, and it determines that the instant petition is untimely.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon entry of a final order adverse to the petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless Petitioner makes "a substantial showing of the denial of a constitutional right." § 2253(c)(2). To obtain a COA on a claim that has been rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court finds that a COA is not warranted.

**Conclusion**

The Court finds that the instant petition is barred by the AEDPA's 1-year statute of limitations period. Therefore, the Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d)" (doc. entry no. 14) and **DISMISSES** Petitioner's petition with prejudice. A certificate of appealability is **DENIED**. A final judgment in accordance with this memorandum opinion and order will issue today.

**SO ORDERED** this the 21st day of August, 2012.

Michael P. Mills
**CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI**